UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SV PRODUCE, INC.,

                    Plaintiff,

      -against-                             Case No.:  09 CV 2019 (LAP) (MHD)

GLATT KOSHER KINGDOM LTD. d/b/a
KOSHER KINGDOM, ERIC HAZIZA,
Individually and in any corporate capacity,

                    Defendants.

------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/09

### ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
### WITH TEMPORARY RESTRAINING ORDER

This matter is before the Court upon the Order to Show Cause of plaintiff SV Produce, Inc. (the "Plaintiff") for a preliminary injunction and ex parte application for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavit of Steve Verdi, President of Plaintiff, that Plaintiff is a produce creditor of defendants Glatt Kosher Kingdom Ltd. d/b/a Kosher Kingdom

("Kosher Kingdom") and Eric Haziza ("Eric") (Kosher Kingdom and Eric are collectively referred to as "Defendants") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Plaintiff has not been paid for perishable agricultural commodities ("Produce") delivered by Plaintiff to Defendants in the total amount of $65,621.50. It has been shown to the Court that Defendants have failed and refused to make payment to Plaintiff as the Defendants are collecting funds and disbursing payment to other creditors. As a result, it appears that the PACA trust assets are threatened with dissipation. *See Frio Ice., S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990).

If the Defendants are provided notice of this motion, there is great likelihood that PACA trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of the trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 4054, 411, *Sun Commodities, Inc. v. Miami Produce Int'l Import & Export, Corp.*, No. 08-61529, 2008 WL 4534258 *2 (S.D. Fla. Oct. 7, 2008). On the other hand, entry of a temporary restraining order without notice to the Defendants assures that the PACA trust assets will be retained and that the Court, which is specifically vested with jurisdiction over the trust, controls any further dissipation. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the Plaintiff's attorney has certified why notice to the Defendants should not be required.

Based upon the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of PACA trust assets unless this temporary restraining order is granted ex parte.

Therefore, it is hereby:

**ORDERED,** that Kosher Kingdom, its agents, officers, subsidiaries, assigns, banking and financial institutions and all persons in active convert or participation with Kosher Kingdom, including its principal, Eric, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of PACA without the agreement of Plaintiff or until further order of this Court; and it is further

**ORDERED,** that pursuant to §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Kosher Kingdom and Eric Haziza unless Kosher Kingdom or Eric Haziza can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products; however, Kosher Kingdom may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of set-off, on the condition that Kosher Kingdom and Eric Haziza maintains the proceeds of such sale subject to this Order; and it is further

**ORDERED,** that this Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by overnight delivery; and it is further

**ORDERED,** that in the event Defendants fail to pay to Plaintiff the amount of $65,621.50, plus late charges and attorneys' fees as provided for within the Plaintiff's invoices, by cashier's check or certified check within two (2) business days following the hearing on Plaintiff's application for a preliminary injunction, then Defendants shall file with the Court, with a copy to Plaintiff's counsel, an accounting identifying all of Defendants' assets, liabilities and each account receivable of Kosher Kingdom, signed under penalty of perjury by a corporate official of Kosher Kingdom; and that Defendants shall also supply to Plaintiff's attorney, within

five (5) days of any written request by Plaintiff's attorney, any and all documents in connection with the assets and liabilities of Kosher Kingdom and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further

**ORDERED,** that Plaintiff shall not be required to post a bond since Defendants now hold more than $65,621.50 of Plaintiff's assets.

This temporary restraining order is entered this 26th day of March, 2009 at 3:07 pm. A hearing on Plaintiff's motion for a preliminary injunction is set for the 2d day of April 2009 at 3:30pm in Courtroom 12A at 500 Pearl St. Plaintiff shall forthwith serve Defendants with a copy of this temporary restraining order by overnight mail. no later than March 27.

SO ORDERED

*Loretta A. Presley*
Loretta A. Preska
United States District Judge